Filed 3/13/25  P. v. Dunbar CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B336798 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA130397) |
| v. | |
| JAYQWAN GLEN DUNBAR, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kelvin D. Filer, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Jayqwan Glen Dunbar appeals from an order denying his Penal Code former section 1170.95, now section 1172.6 petition for resentencing.[1]  We affirm the order denying the petition because as a matter of law, Dunbar is ineligible for resentencing.  He was not convicted based on the felony murder doctrine, a natural and probable consequences theory, or any other theory of imputed malice.  Although the resentencing court should have appointed counsel for defendant and allowed briefing, defendant cannot demonstrate prejudice from these errors.[2]

## BACKGROUND[3]

A jury convicted defendant of the first degree murder of Willie Singleton.  The jury found that in the commission of the murder, defendant personally and intentionally discharged a firearm which caused great bodily injury and death to Singleton.  The jury also found a gang enhancement true.

The jury further convicted defendant of the attempted murder of Joseph Kelly.  The jury found the attempted murder was committed willfully, deliberately, and with premeditation.

---

[1]  Undesignated statutory citations are to the Penal Code.  Initially, the applicable resentencing statute was found at Penal Code section 1170.95.  Assembly Bill No. 200 (2021–2022 Reg. Sess.) has since renumbered section 1170.95 as section 1172.6.  (See Stats. 2022, ch. 58, § 10.)

[2]  We refer to the trial court presiding over defendant's resentencing petition as the resentencing court.

[3]  This court previously took judicial notice of the reporter's transcript and clerk's transcript in defendant's appeal from the judgment of conviction (B259122).

The jury also found defendant personally and intentionally discharged a firearm in committing the attempted murder. The jury again found a gang enhancement true.

This court affirmed the conviction but found insufficient evidence to support imposition of the gang enhancements. (*People v. Dunbar* (Dec. 21, 2015, B259122) [nonpub. opn.].)

1. ***Evidence at defendant's trial***

Joseph Kelly, the victim of the attempted murder, testified that on August 4, 2013 at about 5:40 in the afternoon, he was walking near the intersection of Wilmington and 110 and was with the murder victim, Willie Singleton. Kelly testified the Ten Line Crips gang claimed that area as their territory. Kelly told the jury "Ten Line" was his "hood" and he was a "Ten Line gangster crip." Kelly heard someone say, "Fuck Ten Line" and then he saw bullets, started running, and heard seven or eight shots. Kelly testified there "was only one shooter." When Kelly turned around, he saw Singleton was injured. Singleton died of a gunshot wound.

An eyewitness to the shooting testified that on August 4, 2013 at about 5:40 p.m., she was at Wilmington and 109th Place and observed a lone shooter shoot multiple shots. After the shooting, the shooter entered the back passenger side of a vehicle and the vehicle's driver sped away. Another eyewitness observed defendant at 109th Street, heard gunshots, and then saw defendant holding a long barrel revolver.

When interviewed by officers after the shooting, defendant denied any involvement. Shortly after that interview with the officers, defendant told a confidential informant he was a gang member, shot at two people, and hit one. At trial, defendant testified his statements to the confidential informant were untrue

3

and defendant just wanted to talk "tough" to the informant so the informant would not hurt him.

## 2. *Instructions at defendant's trial*

The court instructed the jury about not speculating why someone else who may have been involved in the crimes charged against defendant was not a codefendant: "The evidence shows that other persons may have been involved in the commission of the crimes charged against the defendant. There may be many reasons why someone who appears to have been involved might not be a codefendant in this particular trial. You must not speculate about whether those other persons have been or will be prosecuted. Your duty is to decide whether the defendant on trial here committed the crimes charged."

The court instructed for the jury to convict defendant of murder, the People must prove: "1. The defendant committed an act that caused the death of another person; [¶] AND [¶] 2. When the defendant acted, he had a state of mind called malice aforethought. [¶] There are two kinds of malice aforethought, express malice and implied malice. Proof of either is sufficient to establish the state of mind required for murder. [¶] The defendant acted with express malice if he unlawfully intended to kill. [¶] The defendant acted with implied malice if: [¶] 1. He intentionally committed an act; [¶] 2. The natural and probable consequences of the act were dangerous to human life; [¶] 3. At the time he acted, he knew his act [was] dangerous to human life; [¶] AND [¶] 4. He deliberately acted with conscious disregard for human life."

The court instructed the jury that first degree murder requires deliberation and premeditation. "The defendant is guilty of first degree murder if the People have proved that he

4

acted willfully, deliberately, and with premeditation. The defendant acted willfully if he intended to kill. The defendant acted deliberately if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill. The defendant acted with premeditation if he decided to kill before completing the act that caused death."

The court instructed the jury with respect to the attempted murder, that the People must prove: "1. The defendant took at least one direct but ineffective step toward killing another person; [¶] AND [¶] 2. The defendant intended to kill that person." The court instructed the jury it must also determine whether the People proved the attempted murder was done willfully and with deliberation and premeditation. The court further instructed the jury with respect to the attempted murder that the "defendant acted willfully if he intended to kill when he acted. The defendant deliberated if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill. The defendant premeditated if he decided to kill before acting. [¶] . . . [¶] The People have the burden of proving this allegation beyond a reasonable doubt. If the People have not met this burden, you must find this allegation has not been proved."

With respect to the firearm enhancement, the court instructed the jury to "prove that the defendant intentionally discharged a firearm, the People must prove that: [¶] 1. The defendant personally discharged a firearm during the commission of that crime; [¶] AND [¶] 2. The defendant intended to discharge the firearm."

5

### 3. *Defendant unsuccessfully petitions for resentencing*

On December 21, 2023, defendant filed a petition for resentencing pursuant to former section 1170.95, now section 1172.6. Defendant averred an information was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory that allowed malice to be imputed to him based solely on his participation in the murder or as to attempted murder, under the natural and probable consequences doctrine. Defendant averred he could not be convicted of murder or attempted murder because of changes made to sections 188 and 189 effective January 1, 2019. Defendant requested the court appoint counsel for him.

The resentencing court did not appoint counsel for defendant. The resentencing court denied the petition because defendant was the " 'actual shooter' " and was not convicted under a theory of aiding abetting someone else or under the natural and probable consequences theory. The resentencing court verified those findings based on its recollection of the trial and based on the appellate opinion from defendant's direct appeal of the judgment of conviction.

## DISCUSSION

### A. As a Matter of Law, Defendant Is Ineligible for Section 1172.6 Resentencing

Section 1172.6, subdivision (a) provides: If certain conditions apply, "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted

6

murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . ."  A prerequisite for resentencing relief is that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a)(3).)

Under section 1172.6, if a petition states a prima facie case for resentencing, the resentencing court must issue an order to show cause, and "must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.'  [Citation.]"  (*People v. Lewis* (2021) 11 Cal.5th 952, 960; § 1172.6, subd. (d)(1).)  In determining whether prima facie entitlement to relief has been shown, the trial court's inquiry will necessarily be informed by the record of conviction, which allows the court to distinguish "petitions with potential merit from those that are clearly meritless."  (*Lewis, supra,* at p. 971.)  In assessing a petition at the prima facie stage, the court may not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.'  [Citation.]"  (*Id.* at p. 972.)  Rather, the court must " ' "take[ ] [the] petitioner's factual allegations as true" ' " and make a " ' "preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. . . ." '  [Citation.]"  (*Id.* at p. 971.)

A section 1172.6 petition may be denied at the prima facie stage only when the record of conviction " 'establish[es] conclusively that the [petitioner] is ineligible for relief' " (*People v. Curiel* (2023) 15 Cal.5th 433, 460), which showing is not made "unless the record conclusively establishes every element of the offense" under a valid theory (*id.* at p. 463).  We independently review the question of whether a petitioner has made a prima facie showing.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

Applying these principles here, we conclude the jury instructions and verdict forms conclusively establish the elements of murder and attempted murder under currently valid theories.  First, the jury did not receive instructions on the natural and probable consequences doctrine, felony murder, or any other theory of imputed malice.  Second, the jury found true all elements of murder and attempted murder as those crimes are currently defined.

1.  **The record demonstrates that as a matter of law, the jury convicted defendant on a currently valid theory of murder**

In pertinent part, under current law, "[m]urder is the unlawful killing of a human being . . . with malice aforethought." (§ 187, subd. (a).)  "Malice is express when there is manifested a deliberate intention to unlawfully take away the life of a fellow creature."  (§ 188, subd. (a)(1).)  Except for felony murder, "a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  (*Id.*, subd. (a)(3).)

Here, given the trial court's instructions and the jury's verdict, the jury necessarily found defendant committed an act that caused the death of Singleton when it convicted him of

8

murder. The jury also found defendant intentionally discharged a firearm causing Singleton's death. The jury necessarily found that defendant acted with malice aforethought. In addition to malice aforethought, the jury found defendant premeditated the killing. The instructions permitted the jury to find first degree murder only if it found defendant premeditated and deliberated the killing. In sum, taken together, the jury instructions and verdict necessarily show the jury convicted defendant of all elements of murder as currently defined.

### 2. As a matter of law, the record supports that the jury convicted defendant on a currently valid theory of attempted murder

" 'Attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing.' [Citations.]" (*People v. Covarrubias* (2016) 1 Cal.5th 838, 890.) In this case, to convict defendant of attempted murder, the jury necessarily found defendant committed an act towards killing the victim and acted with malice aforethought, i.e., that he intended to kill the victim. The jury further found defendant acted with premeditation and deliberation. Again, the jury instructions coupled with the jury verdict demonstrate the jury convicted defendant of all elements of attempted murder as currently defined.

### B. Although Defendant Shows the Trial Court Did Not Follow the Correct Statutory Procedure, He Does Not Show Prejudice

In his opening brief, defendant does not address the merits of entitlement to resentencing. Instead, he argues the resentencing court should have appointed counsel for him,

9

permitted an opportunity to submit briefs, and held a hearing to determine whether defendant established a prima facie case for relief. Defendant also argues the resentencing court's failure to follow statutory procedures violated his right to due process.

We agree that the resentencing court failed to follow the required statutory procedures. Section 1172.6, subdivision (b)(3) requires appointment of counsel upon receipt of a petition if petitioner requests counsel. Section 1172.6, subdivision (c) allows the prosecutor to file and serve a response and the petitioner to file and serve a reply. Contrary to defendant's argument, a resentencing court's failure to follow these statutory procedures does not constitute violation of the state or federal constitution. (*People v. Lewis*, *supra*, 11 Cal.5th at pp. 972–973.) In spite of the resentencing court's failure to follow the above-described statutory procedures, defendant still has to demonstrate prejudice under the *Watson* standard.[4] (*Lewis*, *supra*, at p. 973.)

Defendant has not demonstrated any prejudice because *as a matter of law*, he is ineligible for resentencing. On appeal, with the assistance of counsel, defendant does not argue he is eligible for resentencing; he only contends the resentencing court did not comply with section 1172.6's procedures. Although defendant requests we remand the case to the resentencing court to consider his eligibility, remand is unnecessary because, to repeat, as a matter of law, the jury instructions and verdict demonstrate

---

[4] *People v. Watson* (1956) 46 Cal.2d 818, 836 holds that "a 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error."

defendant is ineligible. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 233.) On appeal and with the assistance of counsel, defendant fails to counter this conclusion.

## DISPOSITION

The order denying defendant's resentencing petition is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

M. KIM, J.